58 CCPA

### SPERRY RAND CORPORATION, Appellant,

### v.

### SUNBEAM CORPORATION, Appellee.

### Patent Appeal No. 8530.

United States Court of Customs and Patent Appeals.

June 3, 1971.

Lane, J., concurred in the result.

Bert A. Collison, William K. Guild, Nims, Halliday, Whitman, Howes, Collison & Isner, New York City, attorneys of record, for appellant. Walter J. Halliday, New York City, of counsel.

Beverly W. Pattishall, George R. Clark, Robert M. Newbury, Pattishall, McAuliffe & Hofstetter, Chicago, Ill., attorneys of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and LANDIS, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board [1] sustaining the opposition of Sunbeam Corporation to registration of the mark

---

1. The board's opinion is abstracted at 159 USPQ 793 (1968). Petition for Reconsideration was denied October 11, 1968.

LEKTRONIC [2] for electric shavers, electric battery chargers and parts thereof.

The record shows that opposer and appellant, Sperry Rand Corporation, are competitors in the manufacture and sale of rechargeable battery-powered shavers. These shavers utilize "electronic" rectifiers to convert alternating household current to direct current in order to recharge the batteries. In some instances, the "electronic" devices are incorporated within the shavers themselves to enable them to be run directly from household current.

The board in its opinion pointed out that the word "electronic" is defined in the International Dictionary of Physics and Electronics (1956 Ed.) as " * * * of or pertaining to devices, circuits or systems utilizing electron devices." It thus concluded " * * * that the word 'Electronic' is merely descriptive of the goods here involved * * * ". The board then reasoned that appellants' mark LEKTRONIC is substantially the phonetic equivalent of the word "electronic" and therefore would also be merely descriptive of the goods.

We cannot agree with this reasoning. While the word "electronic" may be descriptive of the goods here and the word LEKTRONIC may be phonetically close to "electronic", it does not necessarily follow that the mark LEKTRONIC is "merely descriptive" of appellant's goods. In the first place, the words are not closely similar in spelling or in sight. More importantly, while "electronic" might suggest an electric shaver, we do not feel that LEKTRONIC is so descriptive of the product as to cause damage to the appellee. The record gives no indication that anyone would ever *need* to use LEKTRONIC to describe his goods of similar nature. The registration of appellant's trademark LEKTRONIC will not interfere with the use of "electronic" by appellee. See Armour and Co. v. Organon, Inc., 245 F.2d 495, 44 CCPA 1010 (1957), concurring opinion by Judge Rich; Pacific Industries, Inc. v. Minnesota Mining and Manufacturing Co., 425 F.2d 1265, 57 CCPA 1282 (1970).

For reasons stated above the decision of the Trademark Trial and Appeal Board is reversed.

Reversed.

LANE, J., concurs in the result.

**2.** Application Serial No. 96,048, filed April 28, 1960.